IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,
vs.                              **Case No. 12-40006-01/02/03-RDR**

LISANDRO CLARA-FERNANDEZ,
KEVIN DALE ASHCRAFT
and DENNIS AUGUSTINE,

        Defendants.

## O R D E R

This case contains methamphetamine and conspiracy charges. There are three defendants. The current motions deadline is February 14, 2012. This case is before the court upon the motions of defendants Clara-Fernandez and Augustine for additional time to file motions. The court is aware of no opposition to these motions. The motion of defendant Clara-Fernandez indicates that it is unopposed.

Defendant Clara-Fernandez asks for additional time because the parties are engaged in plea negotiations which require more time to complete. Defendant Augustine asks for additional time because the discovery in this case includes 35 discs and counsel needs more time to review the discovery which was received on February 8, 2012.

Upon review, the court shall grant defendants' motions for extension of time. Under the Speedy Trial Act, 18 U.S.C. §

3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial.  To make this determination, the court must consider the following factors "among others:"  1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The indictment in this case contains multiple conspiracy charges and apparently there is a large amount of discovery involved.  Also, as mentioned, there are three defendants in this case.  Therefore, this matter appears more complex than the run of the mill criminal case in this court.  The discovery was only recently shared with counsel for defendant Augustine and apparently plea negotiations have started with at least one of the defendants.  So, additional time appears necessary so that counsel can fairly

decide whether and how to proceed with pretrial motions, taking into account the exercise of due diligence. The court believes that the requested extension of time is in the interests of the public and the parties because it may save time and money and facilitate a fair, just and efficient resolution of this matter. The court has no grounds to believe that defendants will be a threat to the public pending the resolution of this case.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendants' motions (Doc. Nos. 23 and 24) shall be granted and the deadline for filing pretrial motions shall be continued to March 16, 2012. Responses to pretrial motions shall be due on March 23, 2012. A hearing upon pretrial motions shall be set for March 30, 2012 at 10:00 a.m. These deadlines shall apply to all defendants in this case.

**IT IS SO ORDERED.**

Dated this 15th day of February, 2012 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge